Dear Mr. Kearns:
Our office is in receipt of an opinion request from you as to questions concerning St. Tammany Parish Hospital District No. 2. Your letter provides that candidates for nomination and appointment to the Board of Commissioners of the District are selected in accordance with the procedure outlined in Act 180 of 1984 (as amended by Act 562 of 2003), which provides that candidates are first nominated by a permanent nominating committee. From names submitted by the nominating committee, a separate appointing authority makes appointments to the District's Board of Commissioners.
Your request asks our office to address the following questions:
 (1) Are the nominating committee and appointing authority (or either) characterized as public bodies?
 If so,
 (2) Are the nominating committee and appointing authority (or either) subject to open meetings laws and public records laws?
 (3) Are the nominating committee and appointing authority (or either) authorized to meet in executive session to discuss the "character, professional competence or physical or mental health of a person" as provided by La.R.S. 42:6.1?
For the purposes of the Public Records Act, which can be found at La.R.S. 44:1 et seq., a "public body" is defined as:
 any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public *Page 2 
nonprofit corporation designated as an entity to perform a governmental or proprietary function.
La.R.S.44:1(A)(1).
Additionally, for the purposes of the Open Meetings Laws, which can be found at La.R.S. 42:4.1 et seq., a "public body" includes:
 village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
La.R.S. 42:4.1 (A)(2).
Act 562 of 2003 amended Act 180 of 1984 to provide for a permanent nominating committee to nominate candidates to the appointing authority of the St. Tammany Parish Hospital Service District No. 2. Section 2.1(B) establishes a permanent nominating committee and the manner in which members of this committee shall be selected. The nominating committee is charged with the duty of providing nominees for the board of commissioners positions, seeking nominations from the community as a whole by widely publicizing the openings on the board of commissioners, conducting public interviews of the applicants, and presenting their nominees to the appointing authority. The appointing authority, as provided for in Section 2.1 of Act 562 of 2003, is composed of one appointee of the Slidell city council, one appointee of the mayor of Slidell, one appointee of the St. Tammany Parish council, one appointee of the St. Tammany Parish president, one appointee of the governing authority of the town of Pearl River, and two appointees of the legislative delegation comprised of all state representatives and senators who represent all or part of Wards 6, 7, 8, or 9 of St. Tammany Parish. The appointing authority is charged with the duty of appointing members of the board of commissioners from the list of nominees in a public forum.
Pursuant to the Public Records Act, La.R.S. 40:1 et seq., and the Open Meetings Laws, La.R.S. 42:4.1 et seq., these laws shall apply to public bodies. Both the nominating committee and the appointing authority are committees formed by the St. Tammany Hospital Service District No. 2, a public body with policy making, advisory or administrative functions. It is the opinion of this office, based on the function and purpose of the nominating committee and the appointing authority, as provided for in Section 2.1 of Act 562 of 2003, that these bodies are public bodies for the purposes of the Open Meetings Laws and Public Records Act. *Page 3 
This opinion is consistent with previous Attorney General opinions. In Atty. Gen. Op. No. 02-0266, our office opined that an interview panel convened for the purpose of selecting candidates for appointment to the office of municipal chief of police is a public body subject to Open Meetings Laws. It was advised that the nominating committee for the Southeast Louisiana Flood Protection Authority was subject to the Open Meetings Laws and Public Records Act in Atty. Gen. Op. No. 06-0311. A personnel committee that made recommendations concerning hiring to a police jury was believed to be subject to the Open Meetings Law in Atty. Gen. Op. No. 88-398.
La.R.S. 42:6.1(1) provides an exception to the Open Meetings Law, allowing for an executive session for the purposes of discussing the character, professional competence, or physical or mental health of a person, but this exception does not permit an executive session for discussion of the appointment of a person to a public body. The unambiguous language of this statute prohibits use of the exception for discussing the appointment of a person to a public body. This view coincides with Atty. Gen. Op. No. 06-0311, where our office stated that the Nominating Committee for a Flood Protection Authority was not permitted to go into executive session to discuss the qualifications of potential board members.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General
 JDC:EAB